# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TAMMIE ARLENE HEATH,                )
                                    )
                    Plaintiff,      )
vs.                                 )          NO.  CIV-16-1319-HE
                                    )
NANCY A. BERRYHILL,                 )
Acting Commissioner of Social       )
Security Administration,            )
                                    )
                    Defendant.      )

## ORDER

Plaintiff Tammie Arlene Heath brings this action for judicial review of the Social Security Administration's denial of her application for disability insurance benefits.  The matter was referred to U.S. Magistrate Judge Charles Goodwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed.R.Civ.P. 72(b).  Judge Goodwin has submitted a Report and Recommendation (the "Report") recommending that the Commissioner's decision be affirmed.

The parties were advised of their right to file an objection to the Report.  Plaintiff has filed an objection to two matters in the Report, triggering *de novo* review by the court as to those issues.

Plaintiff applied for disability benefits and supplemental security income in 2014 based on several reported impairments, the most significant impairment being chronic pain from degenerative disc disease.  Her application for benefits was denied and she requested a hearing before an ALJ.  A hearing was held and the ALJ later issued a decision unfavorable to plaintiff. The ALJ conducted the standard five-step analysis and concluded,

at step four, that plaintiff was capable of performing her past relevant work and was therefore was not disabled. That determination was affirmed by the appeals council and plaintiff then commenced this proceeding for judicial review.

Plaintiff's objections to the Report are perfunctory and offer little beyond disagreement with the Report's conclusions. She continues to assert that the ALJ did not give proper weight to the opinions of her treating or other physicians, but totally ignores the Report's conclusion that the medical information she relies on does not arise to the status of a "medical opinion" within the meaning of the applicable rule. She asserts that the ALJ "failed to consider the complexity and the lengths of her medical treatments …." To the contrary, the ALJ's opinion reflects substantial discussion and analysis of the nature of her medical treatments.

Plaintiff also objects to the Report's conclusion that the ALJ made a sufficient credibility assessment and explanation. Specifically, she asserts the conclusion was wrong because the ALJ did not discredit her assessment that she was never pain-free. But the ALJ did not purport to conclude that plaintiff was actually pain-free and there was no need for him to do so. Rather, the ALJ simply concluded the plaintiff's subjective assessments of her pain were inconsistent with the medical evidence and explained the basis for that conclusion.

Plaintiff also objects to the ALJ's reference to the inconsistency between plaintiff's admitted ability to drive for 90 minutes with her claimed inability to sit for 30 minutes without having to switch positions, noting that the actual number she testified to was 75 not 90. But as plaintiff's objection acknowledges, that difference is "minor in nature" and

does not undercut what is otherwise a sufficient credibility assessment. "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when they are supported by substantial evidence." Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010) (quoting Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)). Substantial evidence to support the ALJ's determination is present here.

For substantially the reasons stated in the Report, the Report [Doc. #21] is **ADOPTED** and the judgment of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated this 10th day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE